UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **06cr001 (ESH)** |
| | : | |
| **v.** | : | |
| | : | |
| **JACK A. ABRAMOFF,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT MOTION FOR COURT TO ACCEPT
STIPULATED AMENDMENTS TO PLEA AGREEMENT
REGARDING THE TAX OFFENSE IN COUNT III**

On January 3, 2006, this Court accepted the Defendant's plea of guilty to three Counts, including tax evasion for the 2002 tax year, in violation of 26 U.S.C. § 7201. The plea agreement and accompanying factual basis contained stipulations between the parties regarding the amount of tax the Defendant intended to evade for the tax years 2001 through 2003 as well as restitution to the Internal Revenue Service for these taxes pursuant to 18 U.S.C. § 3663(a)(3). Since the plea agreement was entered into, the parties have determined that the tax calculations utilized during plea negotiations do not properly account for funds the Defendant provided to legitimate charitable organizations. Thus, the tax calculations contained in the plea agreement do not reflect the intentions of the parties, are incorrect, and overstate the Defendant's tax liability for the 2001 and 2002 tax years. Corrected calculations show no criminal tax loss with regard to the 2003 tax year. Furthermore, the parties have recently learned that the Defendant has claimed, and intends to continue to claim, substantial losses in later years which may substantially impact the Defendant's tax liabilities for 2001 and 2002 tax years. Calculation of net operating losses, and the application of these losses to earlier tax years, are complicated

issues. The full impact of the Defendant's claimed losses to the 2001 and 2002 tax years has yet to be determined, despite the defense's diligent efforts. While losses incurred in later years do not affect the criminality of the Defendant's conduct or the amount of taxes the Defendant intended to evade, such losses can affect a civil tax computation and reduce or even eliminate the need for restitution.

   To address these issues, the parties now stipulate to amending five paragraphs in the plea agreement and written factual basis originally filed with this Court on January 3, 2006. These amendments, including the tax loss calculation, have no effect on the final sentencing guidelines level calculated in the plea agreement due to the rules for the grouping of offenses contained in Section 3D1.4 of the Sentencing Guidelines. The parties agree, as does the PSR, that the Defendant's final offense level remains a level 31. The parties respectfully request that these amendments be accepted by this Court. The parties will offer a signed copy of these amendments on the day of Abramoff's sentencing.

Dated this 27th day of August, 2008.

| FOR THE UNITED STATES | FOR THE DEFENDANT |
|---|---|
| WILLIAM M. WELCH II<br>Chief, Public Integrity Section | /s/   (Pamela Marple)<br>Abbe D. Lowell, Esq.<br>Pamela Marple, Esq. |
| STEVEN A. TYRRELL<br>Chief, Fraud Section | McDermott Will and Emery |
| __/s/ (Mary K. Butler)_____<br>Mary K. Butler<br>M. Kendall Day<br>Nathaniel B. Edmonds<br>Trial Attorneys<br>Criminal Division<br>U.S. Department of Justice | |
| BRUCE M. SALAD<br>Chief, Southern Criminal Enforcement Section | |
| __/s/ (Stephanie D. Evans)___<br>Stephanie D. Evans<br>Trial Attorney<br>Tax Division<br>U.S. Department of Justice | |