## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **06cr001 (ESH)** |
| | : | |
| | : | **FILED** |
| v. | : | |
| | : | SEP 0 4 2008 |
| **JACK A. ABRAMOFF,** | : | |
| | : | NANCY MAYER WHITTINGTON, CLERK |
| | : | U.S. DISTRICT COURT |
| **Defendant.** | : | |

## RESTITUTION ORDER

THIS MATTER COMING BEFORE the Court in connection with the sentencing of Jack Abramoff, the Court hereby finds by a preponderance of the evidence pursuant to 18 U.S.C. § 3663A, that the following entities and governments were defrauded by defendant Abramoff and others in the following amounts, and that such victims remain uncompensated as of the date of this order in the following amounts:

| Victim | Amount Of Loss | Amount Of Uncompensated Loss As Of The Date Of This Order |
|---|---|---|
| Coushatta Tribe of Louisiana | $11,450,000 | $11,450,000 |
| Mississippi Choctaw Tribe | $6,364,000 | $2,000,000 |
| Pueblo of Sandia | $1,175,000 | $492,537.31 |
| Saginaw Chippewa Indian Tribe | $565,000 | $0 |
| Ysleta del Sur Pueblo Tigua Tribe | $1,850,000 | $0 |
| Tyco International | $1,655,695 | $1,655,695 |
| Greenberg Traurig LLP | $50,000 | $50,000 |
| Universal Spirits | $25,000 | $25,000 |
| **TOTAL** | $23,134,695 | $15,673,232 |

IT IS HEREBY ORDERED that:

(1) the defendant shall pay restitution in the total amount of $23,134,695 to the victims identified in this order which he agreed to do as part of his plea agreement with the government. When defendant Abramoff's co-conspirator, Michael P. S. Scanlon, is sentenced in Case No. 05-Cr-411(EHS), both defendants will be jointly and severally liable for the full amount of the losses to the Coushatta Tribe of Louisiana, the Mississippi Choctaw Tribe, the Saginaw Chippewa Indian Tribe, and the Ysleta del Sur Pueblo Tigua Tribe.

(2) upon release from prison, the defendant shall pay restitution at the rate of 10 percent of monthly gross earnings up to $50,000, 20 percent of gross earnings up to $100,000 and 30 percent of gross earnings over $100,000, until such time as the court may alter the payments in the interest of justice. The payments are to be made to the U. S. Clerk's Office, ATTN: Financial Section, United States District Court for the District of Columbia, 333 Constitution Ave., NW 20001, until further order of the Court or until paid in full. The obligation to make these payments is concurrent with any court order requiring payment of restitution, assessments or fines, including, but not limited to, the order entered on March 20, 2006 in United States v. Adam Kidan, No. 05-60204-CR-HUCK, (SDFL).

(3) the Clerk of the Court will disburse the funds received from the defendant pro rata to the victims identified on Exhibit A up to the amounts for which they have not been compensated by insurance or any other source as soon as practicable after the funds are received.

(4) pursuant to § 3664(j)(1) which bars multiple recoveries for the same losses, if any of the victims identified in this order obtain further compensation from insurers or other parties, such victims are obligated to inform the U.S. Department of Justice and Clerk of the Court of

2

the additional compensation for their losses prior to their receipt of any funds administered by the Clerk of the Court and the U.S. Department of Justice that are in excess of their uncompensated losses.

(5) pursuant to 18 U.S.C. § 3664(j)(1) and (2) , the Court retains jurisdiction to determine the appropriate distribution and to enter any necessary orders concerning the payment of any funds paid by Abramoff pursuant to this order that are in excess of the uncompensated losses to the victims to insurers or others who compensated the victims.  The Department of Justice shall petition the Court when all uncompensated victims have been paid.  The Clerk of the Court shall then maintain in an escrow account any funds paid by Abramoff pursuant to this order in excess of the amounts owed to uncompensated victims identified in this order.  Such funds shall then be distributed to insurers or others as determined by this Court pursuant to 18 U.S.C. § 3664(j)(1).

(6) payments by the defendant shall be applied in the following order: (i) assessment, (ii) restitution principal, (iii) restitution interest, (iv) any fine principal, (v) fine interest, (vi) penalties and (vii) costs, including costs of prosecution and court costs.

ENTERED this ___4___ day of September, 2008 in the District of Columbia.

Ellen Segal Huvelle
United States District Court