UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 06cr001 (ESH) |
| | : | |
| v. | : | |
| | : | |
| JACK A. ABRAMOFF, | : | |
| | : | |
| Defendant. | : | |

**FILED**
SEP 0 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**NOTICE OF FILING OF SIGNED COPIES OF THE AMENDMENTS TO THE PLEA
AGREEMENT AND FACTUAL BASIS PREVIOUSLY FILED**

RESPECTFULLY SUBMITTED,

FOR THE UNITED STATES

WILLIAM B. WELCH, JR.
Chief, Public Integrity Section

STEVEN A. TYRELL
Chief, Fraud Section


__/s/ (Mary K. Butler)_____
Mary K. Butler
M. Kendall Day
Nathaniel B. Edmonds
Trial Attorneys
Criminal Division
U.S. Department of Justice

Stephanie D. Evans
Trial Attorney
Tax Division
U.S. Department of Justice

FOR THE DEFENDANT

_____
Jack A. Abramoff

_____
Abbe D. Lowell, Esq.
Pamela Marple, Esq.
Christopher Mann, Esq.
McDermott Will & Emory

September 4, 2008

## Amendments to Plea Agreement and Factual Basis for Jack A. Abramoff

**Amendment to Par. 6 of Plea Agreement**

6. This agreement does not resolve the defendant's civil tax liability for any years and does not bind the Internal Revenue Service in any way regarding its efforts to examine or collect defendant's civil tax liabilities. The defendant agrees that he will cooperate fully with the Internal Revenue Service in determining any tax liabilities (civil or criminal) of any entities or persons for any years relating to this prosecution, including but not limited to his personal tax liabilities for the years 2000 through 2003, and in paying all appropriate tax liabilities, penalties and interest. To this end, the defendant specifically agrees to file complete and accurate amended individual income tax returns, Forms 1040X, for tax years 2000 through 2003, as soon as possible upon the signing of this plea agreement. ~~and in any event, no later than the time of the defendant's sentencing. If for any reason complete and accurate returns, prepared in accordance with the revenue agent's report dated November 28, 2005, are not filed by the time of defendant's sentencing, the United States will no longer be bound by the terms of paragraph 11(c) below.~~ The defendant further agrees to waive the statute of limitations with respect to the assessment and collection of his taxes due and owing for these tax years. The defendant also agrees to provide the Internal Revenue Service with all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings, and to waive any rights regarding disclosure to the Internal Revenue Service Examination and Collection Divisions of all documents obtained and reports produced during the criminal investigation, including but not limited to tax return related information and information obtained from the defendant pursuant to grand jury subpoena. Nothing in this agreement shall limit the Internal Revenue Service in its assessment and collection of any taxes, penalties and interest due from the

defendant or other parties. The defendant agrees to waive venue for any tax charges for purpose of this plea agreement and any rights he may have under 18 U.S.C. § 3237(b).

**Amendment to Par. 7 of Plea Agreement**

~~7. The defendant also agrees to pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663(a)(3). The defendant further agrees that, pursuant to 18 U.S.C. § 3663(a)(3) and this agreement, the Court will order as restitution the amount of the criminal tax computation which the defendant agrees is $1,724,054, and which will be applied to the defendant's civil tax liability for the years 2001 through 2003, as later determined by the Internal Revenue Service.~~

**Amendment to Par. 11 of Plea Agreement**

11. The defendant and the United States agree that the following United States Sentencing Guidelines ("U.S.S.G.") apply based upon the facts of this case:

    a. The parties agree that the 2003 Sentencing Guidelines Manual governs the guideline calculations in this case. All references in this agreement to the U.S.S.G. refer to that manual.

    b. The parties agree that the total offense level applicable to the defendant's offense conduct is Level 31. This level is calculated as follows:

```
I. Fraud Offenses:
       Base Offense level § 2B1.1                              6
       § 2B1.1(b)(1)(L) loss of more than                     22
            $20,000,000

       § 3B1.1(c) organizer or leader                          2

       § 3B1.3 abuse of trust                                  2
                                                              32
II. Corruption Offenses:
       Base Offense level § 2C1.1                             10
       § 2C1.1(b)(1) more than one bribe                       2
```

|  |  |
|---|---|
| § 2C1.1(b)(2)(b) involving a high level public official | 8 |
| § 3B1.1(a) organizer or leader or was involving more than five participants or was otherwise extensive | <u>4</u><br>24 |

III. Tax Offense

|  |  |
|---|---|
| Base Offense Level § 2T4.1 tax loss of more than $400,000 ~~$1,000,000~~ but less than $1,000,000 ~~$2,500,000~~ | ~~22~~ 20 |
| § 2T1.1(b)(1) failure to identify the source of income from criminal activity | 2 |
| § 2T1.1(b)(2) sophisticated means | <u>2</u><br>~~26~~ 24 |

IV. Treatment of Multiple Counts/Objects

|  |  |
|---|---|
| §3D1.4 (2 total) | <u>2</u><br>34 |
| VII. Expected Adjustment under § 3E1.1<br>TOTAL | <u>-3</u><br>31 (108-135 months) |

**Amendment to Par. 38 of Factual Basis**

38. On or about October 15, 2003, Abramoff signed and filed a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, which underreported Abramoff's total income for 2002. Specifically, Abramoff willfully and intentionally failed to report the income received from the illegal schemes described in paragraphs 1 to 32 above resulting in the evasion of approximately ~~$628,557~~ $184,084 in individual income taxes for the 2002 tax year.

**Amendment to Par. 41 of Factual Basis**

48. Abramoff engaged in similar evasive conduct for the tax years 2001 ~~and 2003~~. Due to

3

this and other evasive conduct, Abramoff attempted to evade approximately ~~$1,724,054~~ $693,590 in individual income taxes for the 2001 ~~through~~ and 20032 tax years.

**Merger paragraph**

With these amendments, the January 3, 2006 plea agreement and the January 3, 2006, factual basis for plea constitute the entire agreement between the United States and the defendant Jack A. Abramoff. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case.

FOR THE DEFENDANT

Dated: 9/4/08

_____            _____
JACK A. ABRAMOFF                        ABBE DAVID LOWELL, ESQ.
Defendant                               Counsel for Defendant

4

FOR THE UNITED STATES

Dated: __9/4/08__

WILLIAM M. WELCH II
Chief, Public Integrity Section

STEVEN TYRRELL
Chief, Fraud Section

_____
Mary K. Butler
M. Kendall Day
Nathaniel B. Edmonds
Trial Attorneys
U.S. Department of Justice

BRUCE M. SALAD
Chief, Southern Crim. Enforcement Section

_____
Stephanie D. Evans
Trial Attorney
Tax Division
U.S. Department of Justice

5